IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY LLOYD HOWARD,                       No. CIV S-08-1392-JAM-CMK-P

    Petitioner,

  vs.                                    FINDINGS AND RECOMMENDATIONS

D.K. SISTO, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 13) this petition as untimely.

**I.  BACKGROUND**

    Petitioner submitted an administrative grievance in November 2005 claiming that he had been improperly classified as a "life" inmate and that this classification was preventing him from obtaining release on parole. Petitioner's grievance was denied at the director's level on June 13, 2006. Petitioner then filed a petition for writ of habeas corpus in the Orange County

/ / /

Superior Court on February 13, 2007, which was denied on April 23, 2007.[1]  Petitioner then filed a petition in the California Court of Appeal on July 18, 2007, which was denied on July 26, 2007. Petitioner filed a petition in the California Supreme Court on September 11, 2007, which was denied on March 26, 2008.  The instant federal petition was filed on June 9, 2008.

## II.  DISCUSSION

Respondents argue that the instant petition is untimely.[2]  Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for mailing to the court.  The so-called "prison mailbox rule" has been extended to apply to other legal documents submitted to the court by prisoners.  See e.g. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition); see also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing rule in context of "prisoner who delivers a document to prison authorities"); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (stating rule in terms of any "legal document" submitted by a pro se prisoner).  All filing dates set forth in these findings and recommendations are derived according to this rule.

[2] Respondents also argue that the petition raises only non-cognizable claims based on state law.

days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

In cases involving a challenge to the denial of parole, the statute of limitations begins to run on the date that parole is denied. See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003). In cases challenging prison disciplinary proceedings, the limitation period begins to run the day after the petitioner receives notice of final denial of his administrative appeals. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). There is a presumption, which the petitioner may rebut, that notice was received the day the denial was issued. See Valdez v. Horel, 2007 WL 2344899 (E.D. Cal. 2007).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period.  See Nino, 1983 F.3d at 1006-07.

In this case, in which petitioner challenges the denial of an administrative grievance, the limitations period began to run on June 14, 2006 – the day after his grievance was denied at the highest level of review.  See Redd, 343 F.3d at 1085; Shelby, 391 F.3d at 1066.  Petitioner then waited 244 days until February 13, 2007 to file his first state court petition in the Orange County Superior Court.  Petitioner argues that, during this 244-day period, he was litigating a case in the federal court and appears to suggest that the limitations period was tolled during the time this federal court case was pending.  Petitioner is not correct.  AEDPA provides for statutory tolling only during the time properly filed cases are pending in the state courts.  See 28 U.S.C. § 2244(d)(2).  Petitioner does not offer any other explanation for the delay in filing his first state court action.

/ / /

/ //

/ / /

/ / /

**Statutory Tolling**

Respondents concede that petitioner is entitled to statutory tolling for the time his first state petition was pending – from February 13, 2007, through April 23, 2007.

Respondents argue, however, that petitioner is not entitled to statutory tolling for the 85-day interval between the denial of the first petition on April 23, 2007, and the filing of his second state court petition in the California Court of Appeal on July 18, 2007. In his opposition to respondents' motion to dismiss, petitioner offers no explanation for the delay. Given that petitioner has offered no explanation for the 85-day delay between the first and second petitions, the court finds that the delay was unreasonable and, therefore, that petitioner is not entitled to tolling for this time. See Carey, 536 U.S. 214; see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (observing that 30 to 60 days would normally be reasonable). Numerous judges who have considered this issue agree that a delay of more than 60 days is unreasonable. See Contreras v. Curry, 2008 WL 4291473 (N.D. Cal. 2008) (involving 88-day delay); Livermoore v. Watson, 2008 WL 802330 (E.D. Cal. 2008) (involving 78-day delay); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008) (involving 70-day delay); Young v. Hickman, 2008 WL 361011 (E.D. Cal. 2008) (involving 95-day delay); Bridge v. Runnels, 2007 WL 2695177 (E.D. Cal. 2007) (involving 76-day delay).

Respondents do not argue that petitioner is not entitled to statutory tolling for the time petitioner's second state court action was pending in the California Court of appeal between July 18, 2007, and July 26, 2007. Nor do respondents argue that petitioner is not entitled to statutory tolling for the interval of time between the denial of his second petition by the California Court of Appeal on July 26, 2007, and the filing of his final state court action in the California Supreme Court on September 11, 2007. Respondents concede that petitioner is entitled to statutory tolling for the time the third state court petition was pending in the California Supreme Court between September 11, 2007, and March 26, 2008.

///

**Equitable Tolling**

By the time his last state court action was concluded, 329 days of the one-year limitations period had expired (244 days from denial of administrative grievance and filing of first state court petition plus the 85 days between the first and second state court petitions). Petitioner then waited another 74 days – 38 days beyond expiration of the limitations period – before filing the instant federal petition on June 9, 2008.  Petitioner argues that, due to prison lock-downs during this 74-day period, he was unable to access the prison law library and, therefore, he is entitled to equitable tolling.

Because the statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable tolling principles.  See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).   To be entitled to equitable tolling, the petitioner must demonstrate that:  (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In this case, while a prison lock-down is certainly beyond petitioner's control, the court is hard-pressed to conclude that lock-downs or the temporary inability to access the prison law library constitute extraordinary circumstances of prison life.  Assuming for the moment, however, that the prison lock-down and resulting inability of petitioner to access the law library were extraordinary circumstances beyond petitioner's control, and that petitioner was otherwise diligent, the petition is still not timely.  Petitioner presents evidence that the prison lock-down prevented him from gaining access to the prison law library from March 28, 2008, through April 25, 2008.  While he argues that the law library restriction lasted longer than this 28-day period, he provides no evidence of a longer interval of restricted access.  Thus, at best, petitioner would arguably be entitled to equitable tolling of 28 days.  Petitioner, however, filed the instant petition 38 days beyond expiration of the one-year limitations period.  Therefore, giving petitioner the

benefit of the doubt and crediting him with equitable tolling, the instant federal petition was filed ten days late.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondents' motion to dismiss (Doc. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE